IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| A & A CONCEPTS, LLC, a Texas corporation, and WILLSON DAVIS COMPANY, a Texas corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LONESTAR PRODUCE EXPRESS, LLC, a Texas corporation; LEONIDEZ FERNANDEZ III, an Individual, and ERIC FERNANDEZ, an Individual,<br><br>Defendants. | §<br>§<br>§<br>§ C.A. NO. 5:19-cv-1223<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## **COMPLAINT**
(To Enforce Payment From Produce Trust)

Plaintiffs A & A CONCEPTS, LLC ("A&A Concepts") and WILLSON DAVIS COMPANY ("Wilson Davis") (A&A Concepts and Wilson Davis, collectively hereinafter referred to as "Plaintiffs"), for their Complaint against Defendants LONESTAR PRODUCE LLC ("Lonestar Produce"), LEONIDEZ FERNANDEZ III ("L. Fernandez"), and ERIC FERNANDEZ ("E. Fernandez") (Lonestar Produce, L. Fernandez and E. Fernandez, collectively hereinafter referred to as Defendants) allege:

JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §2201.

2.      Venue in this District is based on 28 U.S.C. §1391 in that (a) Plaintiffs' claims arose in this District and (b) Defendants' principal place of business is in this District and a substantial part of the property that is the subject of this action is situated in this District.

PARTIES

3.      The Plaintiffs are:

   a.   A & A Concepts LLC, a Texas corporation with its principal place of business located at 750 Merida Street, Suite 105, San Antonio, Texas.

   b.   Willson Davis Company, a Texas corporation with its principal place of business located at 1500 S Zarzamora Street, San Antonio, Texas.

4.      Plaintiffs are engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

5.      The Defendants are:

   a.   Lonestar Produce Express LLC.  Upon information and belief, Lonestar Produce is a Texas corporation with a principal place of business in San Antonio, Texas, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA and licensed thereunder as a dealer.

   b.   Leonidez Fernandez III.  Upon information and belief, L. Fernandez is a managing member and principal of Lonestar Produce and in that capacity, controlled or was in a position to control de assets of Lonestar Produce.  Upon information and belief, L. Fernandez is a resident of San Antonio, Texas.

   c.   Eric Fernandez.  Upon information and belief, E. Fernandez is a managing member and principal of Lonestar Produce and in that capacity, controlled or was in a position to

control the assets of Lonestar Produce. Upon information and belief, E. Fernandez is a resident of San Antonio, Texas.

**CLAIMF FOR RELIEF**
**COUNT I**
**DEFENDANT LONESTAR PRODUCE**
**DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM**
**7 U.S.C. §§ 499e(c)(3) and (4)**

6. Plaintiffs re-allege paragraphs 1 through 5 above as if fully set forth herein.

7. At all times relevant to this action, Lonestar Produce was a commission merchant, dealer, or brokers operating subject to the provisions of PACA.

8. Plaintiffs sold to Lonestar Produce in interstate and foreign commerce, and Lonestar Produce purchased from Plaintiffs, Produce in the following amounts:

| Plaintiffs | Sales Dates | Amount Due |
|---|---|---|
| A&A Concepts | March 2, 2019 – Oct 2, 2019 | $13,420.63 |
| Willson Davis | Aug 12, 2019 – Sep 26, 2019 | $67,550.30 |
| | **TOTAL:** | $80,970.93 |

9. Plaintiffs delivered the Produce to Lonestar Produce and Lonestar Produce accepted the Produce from Plaintiffs.

10. Pursuant to PACA, 7 U.S.C. §§ 499(c), at the time of Lonestar Produce's receipt of the Produce, Lonestar Produce became trustee of the PACA trust for the benefit of Plaintiffs in the amount of $80,970.93. The PACA trust consist of all Lonestar Produce's inventory of Produce, food or products derived from Produce ("Products"), accounts receivables and other proceeds of the sale of Produce or products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA trust are hereinafter referred to as "PACA Trust Assets").

11. At the time of receipt of the produce, Plaintiffs became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-

related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

12. Plaintiffs preserved their interest in the PACA trust in the amount of $80,970.93 by sending invoices to Defendants which contained the language required by 7 U.S.C. § 499e(c)(4) and remains a beneficiary until full payment is made for the produce. See A&A Concepts's A/R Aging and its illustrative Invoice #032019-L attached hereto as Exhibit A and Willson Davis's Age Analysis and illustrative Invoice attached hereto as Exhibit B.

13. Pursuant to PACA, 7 U.S.C. §§ 499e(c), Plaintiffs are unpaid suppliers and sellers of Produce, and are entitled to PACA trust protection and payment from Lonestar Produce's PACA Trust Assets.

14. Plaintiffs seek entry of an Order declaring that they are PACA trust beneficiaries of Lonestar Produce with valid PACA trust claims in the amount of $80,970.93, plus interest from the date each invoice became past due, costs and attorneys' fees.

15. Defendants' failure, refusal, and inability to pay Plaintiffs the undisputed amount owed to Plaintiffs demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

## COUNT II
## DEFENDANT LONESTAR – FAILURE TO PAY TRUST FUNDS

16. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

17. Lonestar Produce received each of the shipments of Produce identified in paragraph 8 above.

18. Plaintiffs properly preserved their trust benefits pursuant to 7 U.S.C. § 499e(c)(4).

4

19. The failure of Defendants to make payment to Plaintiffs of trust funds in the aggregate amount of $80,970.93 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

20. PACA requires Lonestar Produce, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiffs and all other unpaid suppliers of Produce until all such supplies have received full payment.

21. Lonestar Produce has failed to maintain sufficient trust assets to fully satisfied all qualified PACA trust claims, including Plaintiffs' asserted herein.

WHEREFORE, Plaintiffs request an order enforcing payment from the trust by requiring immediate payment of $80,970.93 to Plaintiffs.

## COUNT III
## ALL DEFENDANTS – FAILURE TO PAY FOR GOOD SOLD

22. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 21 above as if fully set forth herein.

23. Defendants failed and refused to pay Plaintiffs an amount of $80,970.93 owed to Plaintiffs for goods received by Defendants from Plaintiffs.

WHEREFORE, Plaintiffs request judgment in the amount of $80,970.93 against the Defendants, jointly and severally.

## COUNT IV
## UNLAWFUL DISSIPATION OF TRUST ASSETS
## INDIVIDUAL DEFENDANTS – L. FERNANDEZ AND E. FERNANDEZ

24. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

25. Individual Defendants L. Fernandez and E. Fernandez, are the managing members and reported principals on the PACA license of Lonestar Produce and L. Fernandez is the registered

agent of Lonestar Produce during the period of time in question and who was in a position of control over the PACA trust assets belonging to Plaintiffs.

26. Defendants L. Fernandez and E. Fernandez failed to direct Lonestar Produce to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

27. Defendants L. Fernandez and E. Fernandez, failure to direct Lonestar Produce to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a managing member.

28. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their right as a beneficiary in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, Plaintiffs request judgment against individual defendants, L. Fernandez and E. Fernandez, in the amount of $80,970.93.

## COUNT V
## PACA VIOLATION – FAILURE TO MAINTAIN TRUST ALL DEFENDANTS

29. Plaintiffs re-allege paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiffs and Defendants entered into a series of transactions involving Plaintiffs' sale and Defendants' purchase of produce (the "Sales Period") as set forth in paragraph 8 above.

31. During the Sales Period, Lonestar Produce lacked the liquidity or free cash flow to pay Plaintiffs for the produce transactions identified in Exhibit A.

32. During the Sales Period, Lonestar Produce's PACA Trust Assets were not freely available to satisfy its outstanding obligations to the Plaintiffs.

33. The matters and actions or inactions alleged in this Count 4 constitute violations by Defendants of Section 2 of the PACA.

34. As a direct result of Defendants' aforementioned actions and inactions, Plaintiffs have incurred damages in the current aggregate amount totaling $80,970.93, plus further interest.

WHEREFORE, Plaintiffs request judgment in the amount of $80,970.93 against the Defendants, jointly and severally.

## COUNT VI
## LONESTAR PRODUCE – BREACH OF CONTRACT

35. Plaintiffs re-allege paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiffs and Lonestar Produce entered into several contracts referenced in Exhibit A and Exhibit B.

37. In each contract, Plaintiffs agreed to sell produce to Lonestar Produce and Lonestar Produce agreed, *inter alia,* to purchase Produce from the Plaintiffs.

38. Plaintiffs delivered conforming goods to Lonestar Produce and have otherwise satisfied all conditions of said contracts.

39. Lonestar Produce failed to pay for each shipment of produce referenced in Exhibit A and Exhibit B.

40. As a direct result of the Lonestar Produce's failure to pay for each shipment of Produce identified in Exhibit A and B, Plaintiffs have incurred damages in the current aggregate amount totaling $80,970.93, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

WHEREFORE, Plaintiffs request judgment in the amount of $80,970.93 against Lonestar Produce.

# COUNT VII
## A&A CONCEPTS – INTEREST AND ATTORNEYS FEES

41. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 40 above as if fully set forth herein.

42. PACA and Plaintiffs invoices entitle Plaintiffs to recover prejudgment interest and attorney's fees incurred to collect any balance due from Defendants; see Exhibit A and Exhibit B attached hereto.

43. As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, Plaintiffs have lost the use of said money.

44. As a result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Plaintiffs have been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties under PACA and the invoices.

WHEREFORE, Plaintiffs request judgment against each of the Defendants, jointly and severally, for prejudgment interest, costs and attorney's fees.

Dated: October 14, 2019.

Respectfully submitted,

*/s/* Craig A. Stokes_____
Craig A. Stokes – SBN 19267700
STOKES LAW OFFICE LLP
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
Telephone (210) 804-0011
E-Mail: cstokes@stokeslawoffice.com

*Counsel for Plaintiffs*
*A & A Concepts, LLC and Willson Davis Company*